**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 06-219-JBC**

**LINDA KAY RITCHIE,**                                                          **PLAINTIFF,**

**V.**            **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                         **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the plaintiff's motion for relief under Federal Rule of Civil Procedure 59(e) (R. 16). The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

This action is an appeal of the Commissioner's denial of the plaintiff's application for Supplemental Security Income. The parties filed cross-motions for summary judgment, and, in a Memorandum Opinion and Order signed on March 13, 2007, the court denied the plaintiff's motion for summary judgment and granted the Commissioner's motion for summary judgment. The plaintiff now seeks reconsideration of that decision.[1]

---

[1] The Commissioner argues that the motion should be denied as untimely because it was not filed within ten days after the court's order affirming the Commissioner's denial of disability. The plaintiff states that although the court's order was dated March 13, 2007, it was not entered in the record until May 3, 2007. The docket sheet reflects that the court's memorandum opinion and order and judgment were "entered" on May 3, 2007. As the plaintiff's motion was filed on May 3, 2007, the court finds that the motion was "filed no later than 10 days after the *entry* of the judgment," in accordance with Rule 59(e), and the court will consider the motion as timely. Fed. R. Civ. P. 59 (e) (emphasis added).

In order to succeed on a motion for reconsideration, the movant must establish a clear error of law; present newly discovered evidence; show that there has been an intervening change in controlling law; or show that absent relief, a manifest injustice will result. *Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Such motions are not an opportunity for the losing party to offer additional arguments in support of its position. *Engler*, 146 F.3d at 374; *see also Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F. Supp. 2d 1233, 1235 (D. Kan. 2003) (stating that motions under Rules 59 or 60 of the Federal Rules of Civil Procedure do not provide "a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed").

In her motion, the plaintiff claims that the Commissioner improperly considered and relied upon medical examinations which took place before the alleged onset disability date; that the medical evidence in the record demonstrates the claimant's disability; that the Commissioner improperly rejected the opinions of Drs. Abordo, Vaida, and Hall; and that the Commissioner failed to include a certain "submitted mental assessment" as part of the administrative record. These arguments have all already been heard, addressed, and rejected by the court. In its opinion, the court found no legal error in the inclusion of the plaintiff's prior examinations in the record. Additionally, the court held that the ALJ's decision

was based on substantial evidence based solely on the claimant's most recent application.

The plaintiff argues that a mental assessment dated May 19, 2006, was improperly excluded from the administrative record.  The ALJ held an administrative hearing on November 8, 2005, and issued a decision dated January 9, 2006.  The ALJ's decision became the final decision of the Commissioner when the appeals council denied the plaintiff's request for review on May 8, 2006.[2]  The plaintiff furnished the assessment to the Appeals Council on July 1, 2006.  *See* Attachment A to the plaintiff's memorandum in support of award of benefits, R. 12.  Thus, the May 19, 2006, assessment was not submitted, or even completed, prior to the ALJ's decision and the appeals council's denial of review.

"The court is confined to review evidence that was available to the [Commissioner], and to determine whether the decision of the [Commissioner] is supported by substantial evidence."  *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  "Where a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where the party seeking

---

[2] The Appeals Council's decision not to review the ALJ's decision is not the agency's final decision.  Rather, when the Appeals Council declines to review a case, the ALJ's decision becomes the agency's final decision, and it is that decision that is reviewed by this court. *See* 20 C.F.R. §§ 404.967, *et seq.*; *see also Cline v. Sec'y of Health and Human Servs.*, 875 F.Supp. 435, 438 n.2 (N.D. Ohio 1995) (explaining the difference between "procedural decisions made by the Appeals Council and decisions [that] it makes on the merits").

remand shows that the new evidence is material." *Id.* (citing *Willis v. Sec'y of Health and Human Servs.*, 727 F.2d 551, 553-54 (6th Cir. 1984)). The plaintiff has not argued that this evidence is material. The plaintiff must also establish good cause for failing to submit the evidence during a prior proceeding, and the fact that the reports were prepared after the proceedings is not sufficient. *Oliver v. Sec'y of Health and Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). The plaintiff must give a valid reason for the failure to obtain the evidence prior to the hearing. *Id.* Additionally, remand is not appropriate to consider evidence that a claimant's condition worsened after the administrative proceeding. *Jones v. Comm'r of Social Sec.*, 336 F.3d 469, 478 (6th Cir. 2003). Thus, the court did not err in affirming the ALJ's decision.

The plaintiff presents the court with no reason to overturn its conclusions but merely repeats points she has already raised. This constitutes insufficient grounds for relief under Rule 59(e). Accordingly,

**IT IS ORDERED** that the plaintiff's motion (R. 16) is **DENIED**.

Signed on   January 15, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY